WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Yanxiong Li, Esq.
Nevada Bar No. 12807
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
yli@wrightlegal.net
*Attorneys for Plaintiff,*
*The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, not individually but solely as trustee for the holders of the Bear Stearns ALT-A Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-1*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ALT-A TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER ONE HOLDINGS INC., a Nevada corporation; YING M. SHIH, an individual; SMM Capital LLC, a Nevada limited liability company; BIN ZHANG, an individual; AMBER HILLS II HOMEOWNERS' ASSOCIATION, INC., a Nevada non-profit corporation; ABSOLUTE COLLECTION SERVICES LLC, a Nevada limited liability company; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00737-JCM-VCF<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF AMBER HILLS II HOMEOWNERS' ASSOCIATION, INC. AND ABSOLUTE COLLECTION SERVICES, LLC** |

The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, not individually but solely as trustee for the holders of the Bear Stearns ALT-A Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-1 ("BNYM") by and through its counsel of record, Dana Jonathon Nitz, Esq. and Yanxiong Li, Esq. of the law firm of Wright Finlay & Zak, LLP; Defendant, Absolute Collection Services, LLC ("ACS"), by and through its counsel of record, Shane D. Cox, Esq.; and Amber Hills II Homeowners Association, Inc. ("HOA"), by and through its counsel of record, Ashlie L. Surur, Esq., and hereby stipulate and agree as follows:

WHEREAS the above-captioned action concerns Defendant Amber Hills II Homeowners' Association, Inc.'s (the "HOA") and Defendant Absolute Collection Services, LLC's (the "HOA Trustee") NRS Chapter 116 nonjudicial foreclosure sale on April 16, 2013 ("HOA Sale") involving certain real property located in Clark County, Nevada, commonly known as 9580 West Reno Avenue, Unit 201, Las Vegas, Nevada 89148 ("Property");

WHEREAS BNYM filed its Complaint commencing this action on March 14, 2017 [ECF No. 1];

WHEREAS BNYM filed its Amended Complaint on June 13, 2017, alleging causes of action for Quiet Title/Declaratory Relief, Permanent/Preliminary Injunction, and Unjust Enrichment against Premier One Holdings, Inc., Ying M. Shih, SMM Capital LLC and Bin Zhang in connection with the HOA Sale and the Property [ECF No. 14];

WHEREAS BNYM filed its Amended Complaint on June 13, 2017, alleging causes of action for quiet title/declaratory relief, permanent/preliminary injunction, unjust enrichment, wrongful/statutorily defective foreclosure, misrepresentation, breach of contract, negligence, negligence per se, breach of the covenant of good faith and fair dealing, and tortious interference with contract against the HOA in connection with the HOA Sale and Property [ECF No. 14];

WHEREAS BNYM filed its Amended Complaint on June 13, 2017, alleging causes of action for quiet title/declaratory relief, unjust enrichment, wrongful/statutorily defective foreclosure, negligence, negligence per se, breach of covenant of good faith and fair dealing and

tortious interference with contract against the HOA Trustee in connection with the HOA Sale and the Property [ECF No. 14];

WHEREAS on November 28, 2017, this Court entered a Default Judgment against Premier One Holdings, Ying M. Shih, SMM Capital, Bin Zhang on BNYM's claims for quiet title/declaratory relief [ECF No. 47];

WHEREAS the Default Judgment granted BNYM the primary relief it seeks in this action – a declaration that, despite the operation of NRS 116.3116 as interpreted by the Nevada Supreme Court in *SFR Investments Pool 1, LLC v. U.S. Bank*, its first deed of trust was not wiped out by the foreclosure sale, and the purchaser Premier One Holdings, as well as its successors who claims an interest through HOA's foreclosure sale, acquired an interest that is either subject to or subordinate to BNYM interest;

WHEREAS the HOA Trustee has never claimed nor now claims an interest in the Property;

WHEREAS subject to those rights and obligations created by the Amended and Restated Declaration of Covenants, Conditions and Restrictions for Amber Hills II, A Condominium Development, recorded as Instrument Number 20030613-00190 on or about June 13, 2013 (the "Declaration"), and any amendments thereto, as well as the HOA's Governing Documents as defined by NRS 116.049, the HOA does not currently claim any right, title or interest in and to the Property.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the Complaint against Defendants HOA and HOA Trustee is hereby dismissed in its entirety ***without prejudice***;

IT IS FURTHER STIPULATED AND AGREED that HOA and HOA Trustee shall not contest, seek reconsideration of, and/or appeal the Default Judgment in this case;

IT IS FURTHER STIPULATED AND AGREED as follows:

1. The period of time commencing of **March 14, 2017 (the "Effective Date")** and ending on the Termination Date (as that term is defined in paragraph 5 below), shall not be included in determining the applicability of any statute of limitations, laches, or any

      other defense based on lapse of time in any action or proceeding brought by Bank against HOA and HOA Trustee for quiet title, declaratory relief, unjust enrichment, wrongful/statutorily defective foreclosure, negligence, negligence per se, breach of the covenant of good faith and fair dealing, tortious interference with contract, misrepresentation and breach of contract arising from the HOA Sale;

2. The Parties expressly agree that the tolling agreement set forth in Paragraph 1, above, does not apply to any cause of action or claim that Bank could have brought but failed to bring against HOA or HOA Trustee in this action and arising from the HOA Sale.

3. Except as is set forth in the preceding Paragraphs 1 and 2, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the Effective Date, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time;

4. This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party;

5. The Termination Date shall be the date the Court enters its Order granting this Stipulation for Dismissal without prejudice;

6. This Stipulation comprises the entire agreement of the Parties with respect to the tolling of any statute of limitations. This Stipulation may be modified, amended, or supplemented only by a written instrument signed by all of the Parties;

7. Except as set forth hereinabove, the Parties reserve any and all rights, privileges, and defenses under applicable law;

8. Nothing herein shall be construed as a waiver of the attorney client and/or work product privileges that exists among and between HOA and/or HOA Trustee's counsel and the HOA and HOA Trustee;

IT IS FURTHER STIPULATED AND AGREED that each side will bear its own attorney's fees and costs through the date of entry of the Court's Order granting this Stipulation.

IT IS SO STIPULATED AND AGREED.

WHEREFORE, the undersigned request this Court enter an Order granting the above Stipulation.

| | |
|---|---|
| Dated this 31st day of <u>May</u>, 2018. | Dated this 31st day of <u>May</u>, 2018. |
| WRIGHT, FINLAY & ZAK, LLP | ABSOLUTE COLLECTION SERVICES, LLC |
| /s/ Yanxiong Li, Esq. | /s/ Shane D. Cox, Esq. |
| Dana Jonathon Nitz, Esq. | Shane D. Cox, Esq. |
| Nevada Bar No. 00050 | Nevada Bar No. 13852 |
| Yanxiong Li, Esq. | 8440 W. Lake Mead Blvd., Ste. 210 |
| Nevada Bar No. 12807 | Las Vegas, NV 89128 |
| 7785 W. Sahara Ave., Suite 200 | *Attorneys for Defendant, Absolute Collection Services, LLC* |
| Las Vegas, NV 89117 | |
| *Attorney for Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, not individually but solely as trustee for the holders of the Bear Stearns ALT-A Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-1* | |

Dated this 31st day of May, 2018.

HALL JAFFE & CLAYTON, LLP

/s/ Ashlie L. Surur, Esq.
Ashlie L. Surur, Esq.
Nevada Bar No. 11290
7425 Peak Drive
Las Vegas, NV 89128
*Attorney for Defendant, Amber Hills II Homeowners' Association, Inc.*

## **ORDER**

Based on the foregoing Stipulation by and between the Parties, and good cause appearing, *IT IS SO ORDERED* that the Complaint against Amber Hills II Homeowners Association and Absolute Collection Services, LLC, is *DISMISSED* in its entirety, without prejudice, each Party to bear its own attorney's fees and costs incurred as of the date of this Order .

**IT IS SO ORDERED**.

Dated: June 5, 2018

_____
UNITED STATES DISTRICT COURT JUDGE

### CERTIFICATE OF SERVICE

The undersigned, an employee of Wright, Finlay & Zak, LLP, hereby certifies that on the 31st day of May, 2018, a true and correct copy of **STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF AMBER HILLS II HOMEOWNERS' ASSOCIATION, INC. AND ABSOLUTE COLLECTION SERVICES, LLC** was served electronically via the CM/ECF system to parties of interest as follows:

Shane D. Cox, Esq.
8440 W. Lake Mead Blvd., Suite 210
Las Vegas, NV 89128
Email: shane@absolute-collection.com
*Attorneys for Defendant,*
*Absolute Collection Services, LLC*

Ashlie L. Surur, Esq.
HALL, JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Email:  asurur@lawhjc.com
*Attorneys for Defendant,*
*Amber Hills II Homeowners Association, Inc.*

                                                */s/ Kelli Wightman*
                                                An Employee of Wright, Finlay & Zak, LLP