UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER ONE HOLDINGS, INC., *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00737-JCM-VCF<br><br>ORDER |

Presently before the court is defendants Premier One Holdings, Inc. ("Premier"); SMM Capital, LLC ("SMM"); Ying Shih; and Bin Zhang's (collectively "defendants") motion for relief. (ECF No. 53). Plaintiff Bank of New York Mellon ("BNYM") filed a response (ECF No. 58), to which defendants replied (ECF No. 60).

Also before the court is BNYM's motion for leave to file a surreply. (ECF No. 61). Defendants did not file a response and the time to do so has passed.

On March 14, 2017, BNYM initiated this quiet title action. (ECF No. 1). On June 13, 2017, the clerk entered default as to SMM. (ECF No. 13). On July 31, 2017, the clerk entered default as to Premier. (ECF No. 36). On August 14, 2017, the clerk entered default as to Zhang. (ECF No. 41). On August 31, 2017, the clerk entered default as to Shih. (ECF No. 43). On November 28, 2017, the court entered default judgment against defendants. (ECF No. 47).

Now, defendants move for relief, requesting the court to set aside the default judgment. (ECF No. 53). BNYM also moves to file a surreply in opposition to defendants' motion for relief. (ECF No. 61).

BNYM's motion to file a surreply requests leave to file a brief arguing that a related state court case precludes defendants' claims in this action. (ECF Nos. 61, 61-1). Because BNYM's

brief is irrelevant to the court's analysis and "motions for leave to file a surreply are discouraged[,]" the court will deny BNYM's motion.  LR 7-2(b).

As for defendant motion for relief, Federal Rule of Civil Procedure ("FRCP") 60(b) provides in relevant part that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time[.]"  Fed. R. Civ. P. 60(c)(1).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam) (citation omitted).

The court entered judgment on November 28, 2017.  (ECF No. 47).  Approximately twelve months later, on November 27, 2018, the defendants file their motion for relief.  (ECF No. 53).  Defendants have not provided any substantial explanation for this delay nor have they shown that they did not timely discover the court's grounds for entering judgment. *See id*.  To grant relief in these circumstances would be nothing short of an affront to the "interest in finality[.]" *Ashford*, 657 F.2d at 1055.

In consideration of the foregoing, defendants did not file their motion for relief within a reasonable time. *See Zazzali for DBSI Private Actions Trust v. Alexander Partners, LLC*, No. 1:14-cv-00419-RJB, 2015 WL 13643680 at *4 (D. Ida. April 24, 2015) (holding that a 40-day delay was unreasonable); *see also Warkentin v. Federated Life Ins. Co.*, No. 1:10-cv-00221-SAB, 2013 WL 1640479 at *3 (E.D. Cal. April 16, 2013) (holding that a ten-month delay was

unreasonable).  Therefore, the court will deny defendants' motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for relief (ECF No. 53) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BNYM's motion for leave to file surreply (ECF No. 61) be, and the same hereby is, DENIED.

DATED THIS 5th day of April 2019.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE